**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GISELLE BECK-GREEN and TANYA PORTER,

                      Plaintiffs,

- v -                                    Civ. No. 8:18-CV-1289
                                              (MAD/DJS)

THE TOWN OF FINE, NEW YORK; THE
TOWN BOARD OF FINE, NEW YORK; HERB
SNIDER, *in his individual capacity and in his capacity
as Code Enforcement Officer of the Town of Fine,
New York*; KATHRYN BOICE; BRUCE HOLLIDAY;
and DONNA LAWRENCE,

                      Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LEGAL AID SOCIETY OF NORTHEASTERN NEW YORK - CANTON<br>Attorney for Plaintiff<br>17 Hodskin Street<br>P.O. Box 648<br>Canton, NY 13617 | JANE SARAH GARLAND, ESQ. |
| LEGAL AID SOCIETY OF NORTHEASTERN NEW YORK - ALBANY<br>Attorney for Plaintiff<br>95 Central Avenue<br>Albany, NY 12206 | VICTORIA M. ESPOSITO, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil Complaint filed by Plaintiffs Giselle Beck-Green and Tanya Porter. Dkt. No. 1, Compl. Plaintiffs have not paid the filing fee, but instead

submitted Motions to Proceed *in forma pauperis* ("IFP"). Dkt. Nos. 2 & 3. By separate Order, this Court granted Plaintiffs' Applications to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Under this standard, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to plaintiffs, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

*Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiffs' Complaint

Although the particular facts differ slightly for each Plaintiff, the Complaint alleges generally similar circumstances. Stated broadly, the Complaint contends that each Plaintiff held a possessory interest in property in the Town of Fine, New York, each property was cited for various code violations by Defendant Snider, and Plaintiffs were then ordered on relatively short notice to vacate the premises. Each Plaintiff alleges that they were given insufficient time to collect and move all of their belongings and that Defendants proceeded to discard or destroy what was left behind. Plaintiffs allege that state and/or local laws required that they be provided certain notices and/or the opportunity for a hearing before their

eviction, but that these procedural protections were not given to them. *See generally* Compl. at ¶¶ 1-21. Each Plaintiff asserts three causes of action: (1) a claim under 42 U.S.C. § 1983 alleging a due process violation; (2) a state law claim for unlawful eviction; and (3) a state law claim for conversion. *Id.* at ¶¶ 111-23.

### C. Sufficiency of the Pleading

The scope of review here is limited to whether Plaintiffs have alleged an arguable claim, not whether Plaintiffs can ultimately prevail. *See Hofelich v. Hopkins*, 2009 WL 210449, at *3 (W.D.N.Y. Jan. 26, 2009). Plaintiffs' claims are considered below.

*1. Plaintiffs' Federal Due Process Claim*

a. Claims against Defendant Snider

The Fourteenth Amendment affords those with an interest in property and subject to eviction certain due process protections. *Capozzi v. City of Olean, N.Y.*, 910 F. Supp. 900, 909 (W.D.N.Y. 1995) (citing *Fuentes v. Shevin*, 407 U.S. 67 (1972)). The precise scope of those protections depend on the particular circumstances of the case, for example, whether an emergency situation excuses the need for pre-eviction notice and an opportunity to be heard. *See id.*

The Complaint alleges that Defendant Snider acted, based on his authority as the Town's Code Enforcement Officer, to post the subject properties as condemned or unfit for human habitation and ordered Plaintiffs out of their homes without providing them with any pre-eviction process or without advising of them of their rights under applicable local or state

laws to challenge his actions. *See generally* Compl., at ¶¶ 76-78 & 98-99. Those allegations, accepted as true for purposes of this review, are sufficient to require a response from Defendant Snider.

### b. Claims against the Town of Fine and the Town of Fine Town Board

"A municipality may only be held liable under § 1983 when its policies or customs result in a plaintiff's constitutional injury." *Griffin-Nolan v. Providence Wash. Ins. Co.*, 2005 WL 1460424, at *3 (N.D.N.Y. June 20, 2005) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). "[T]o demonstrate *Monell* liability, a plaintiff must allege a violation of constitutional rights by employees of the municipality and (1) 'the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]; and (2) a causal connection - an affirmative link - between the policy and the deprivation of his constitutional rights." *Richardson v. Corr. Med. Care, Inc.*, 2018 WL 1580316, at *7 (N.D.N.Y. Mar. 28, 2018) (quoting *Harper v. City of New York*, 424 Fed. Appx. 36, 38 (2d Cir. 2011)) (internal quotation marks omitted).

Here, the Complaint recites at length state and municipal laws allegedly relevant to the appropriate procedures for declaring property unfit for human habitation and any subsequent proceedings to remove people from such properties. Compl. at ¶¶ 41-65. The Complaint further alleges that the Town of Fine and the Town Board violated Plaintiffs' rights by "adopting and maintaining an official policy" under which Defendant Snider was permitted to operate "outside of procedures established by the State of New York and the

-5-

Town of Fine." *Id.* at ¶ 111(g). Plaintiffs, therefore, have alleged a policy and custom that resulted in them ultimately being unlawfully evicted. This is sufficient to permit this claim to survive initial review under section 1915. *See Cleveland v. Schenectady Cty. Dep't of Children & Families*, 2016 WL 8193580, at *2 (N.D.N.Y. Dec. 30, 2016), *report and recommendation adopted as modified*, 2017 WL 449768 (N.D.N.Y. Feb. 1, 2017).

### c. Claims against the Defendants Boice, Holliday, and Lawrence

Defendants Boice, Holliday, and Lawrence ("the property owners") are the owners of the property from which Plaintiffs allege they were unlawfully evicted. Compl. at ¶¶ 31-32. Each is named as a Defendant in Plaintiffs' section 1983 due process claim. *Id.* at ¶¶ 111(i) & 111(j).

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). As a result, with regard to Plaintiffs' section 1983 claims Plaintiffs must "allege facts showing that a defendant was either a state actor or a private party acting under color of state law." *Coon v. Burkly*, 2014 WL 1976669, at *9 (N.D.N.Y. May 15, 2014) (citing *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)). Even liberally construed, Plaintiffs have failed to make such an allegation here.

There is no allegation that these individuals worked directly in any government

capacity. In the absence of such an allegation, the Second Circuit has said that state action could be attributed to a private entity if:

> (1) the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state ("the compulsion test"); (2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) when the entity "has been delegated a public function by the [s]tate," ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001)). None of the allegations in this Complaint satisfy any of these requirements.

There is nothing in the Complaint to suggest that the property owners were acting under compulsion from any of the municipal entities or that they had been delegated any public function. That leaves just the possibility of joint action to establish state action on the part of these Defendants. "To prevail under the 'joint action' test, Plaintiff[s] must show that 'the State has so far insinuated itself into a position of interdependence with [Defendants] . . . that it must be recognized as a joint participant in the challenged activity.'" *Momot v. Dziarcak*, 208 F. Supp.3d 450, 456 (N.D.N.Y. 2016) (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)). While Plaintiffs allege that the Defendants coordinated their actions, Compl. at ¶¶ 111(i) & 111(j), such a conclusory allegation is far from sufficient to establish the elements of the joint action test. *Wieder v. City of New York*, 2013 WL 1810751, at *6 (E.D.N.Y. Apr. 29, 2013) ("Mere conclusory allegations that a private entity

engaged in joint action with the state do not satisfy the 'under color of state law' requirement for a § 1983 action.").

At most, Plaintiffs allege that the property owners attended a Town Board meeting and "informed the board they were having trouble getting tenants to leave their rental property." Compl. at ¶ 75. Of the three property owners named in this action only Defendant Boice is specifically alleged to have attended the meeting. *Id.* at ¶ 74.[1] The mere act of lodging a complaint or requesting assistance from the Town Board, however, is insufficient to make the property owners state actors for purposes of Plaintiffs' claims. *See Serbalik v. Gray*, 199 F.3d 1323 (2d Cir. 1999)*; Levy v. Alfano*, 47 F. Supp.2d 488, 492 (S.D.N.Y. 1999).

Accordingly, Plaintiffs have failed to adequately allege that the property owners were state actors as required under section 1983. Because these allegations could, in theory, be cured by better pleading, the Court recommends that the section 1983 claims against the property owners be dismissed with leave to replead.

### 2. Plaintiffs' State Law Claims

In addition to Plaintiff's section 1983 claim, the Complaint asserts two state law claims against all defendants: one for unlawful eviction and another for conversion. Compl. at ¶¶ 112-123. Plaintiffs assert this Court has jurisdiction over these claims under 28 U.S.C. § 1367(b).

---

[1] Plaintiffs attach minutes of the Town Board meeting in support of the allegations made in paragraph 75 of the Complaint, *see* Compl., Ex. A, but those minutes do not reflect who the property owners raising concerns were. Solely for purposes of this review, the Court presumes that one or more of the property owners named as Defendants were the individuals who raised concerns to the Fine Town Board.

Plaintiffs' unlawful eviction claim arises under New York Real Property Actions and Proceedings Law section 853 which provides a remedy for individuals subject to "evictions undertaken in an unlawful manner." *Lee v. Park*, 16 A.D.3d 986, 988-89 (3rd Dep't 2005) (internal quotation marks omitted). Here, given Plaintiffs' allegations that they were unlawfully ejected from real property in which they had an interest, Compl. at ¶¶ 112-14 & 116-18, they have sufficiently alleged an unlawful eviction claim sufficient to require a response. *Breon v. Perales*, 2015 WL 7289399, at *6 (W.D.N.Y. Nov. 16, 2015).

Plaintiffs also assert a state law claim for conversion alleging that Defendants wrongfully exercised control of Plaintiffs' personal property and had it disposed of or destroyed. Compl. at ¶¶ 120-23. "Under New York law, the two key elements of conversion are (1) the plaintiff's possessory right or interest in the property and (2) the defendant's dominion over the property or interference with it, in derogation of the plaintiff's rights." *Breon v. Perales*, 2015 WL 7289399, at *6 (W.D.N.Y. Nov. 16, 2015) (quoting *Colavito v. New York Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49-50 (2006) (internal quotations and alterations omitted). The nature of the allegations set forth in the Complaint sufficiently allege facts to support a conversion claim so as to justify a response from Defendants. *Id.*

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiffs' section 1983 claims against Defendants Boice, Holliday, and Lawrence be **DISMISSED without prejudice with leave to replead**; and it

is further

**RECOMMENDED**, that Plaintiffs' remaining claims be allowed to proceed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon Plaintiffs' counsel.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  December 4, 2018
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).