**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

GISELLE BECK-GREEN and TANYA PORTER,

                              **Plaintiffs,**

  vs.                                                    8:18-cv-1289
                                                         (MAD/DJS)

TOWN OF FINE, NEW YORK; THE TOWN BOARD
OF FINE, NEW YORK; HERB SNIDER, *in his individual
capacity and in his capacity as Code Enforcement Officer of
the Town of Fine, New York*; KATHRYN BOICE;
BRUCE HOLLIDAY; and DONNA LAWRENCE,

                              **Defendants.**

_____

**APPEARANCES:**                                           **OF COUNSEL:**

**LEGAL AID SOCIETY OF NORTHEASTERN**     **JANE SARAH GARLAND, ESQ.**
**NEW YORK - CANTON**
17 Hodskin Street
P.O. Box 648
Canton, New York 13617
Attorneys for Plaintiffs

**LEGAL AID SOCIETY OF NORTHEASTERN**     **VICTORIA M. ESPOSITO, ESQ.**
**NEW YORK - ALBANY**
95 Central Avenue
Albany, New York 12206
Attorneys for Plaintiffs

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      In their complaint, Plaintiffs allege that they had possessory interests in property in the Town of Fine, New York, and that each property was cited for code violations by Defendant Snider. Dkt. No. 7 at 3. They further allege that they were given inadequate time to collect and move all of their belongings and that Defendants proceeded to discard or destroy possessions left behind. *Id*. Plaintiffs allege that state and local laws required that they be provided with certain

notices and/or the opportunity for a hearing before eviction, but that these procedural protections were not afforded to them. *Id.* Plaintiffs further allege claims against the owners of the property from which they were evicted, Defendants Boice, Holliday, and Lawrence. The complaint asserts three causes of action: (1) a claim brought pursuant to 42 U.S.C. § 1983 alleging a due process violation; (2) a state-law unlawful eviction claim; and (3) a state-law conversion claim. *See* Dkt. No. 1 at ¶¶ 111-23.

On December 4, 2018, Magistrate Judge Stewart conducted an initial review of the complaint. *See* Dkt. No. 7. Magistrate Judge Stewart initially found that the due process claim against Defendant Snider was sufficient to require a response and that the complaint sufficiently alleges municipal liability against the Town of Fine and Town Board. *See id.* at 4-6. As to Defendants Boice, Holliday, and Lawrence, Magistrate Judge Stewart found that the complaint fails to plausibly allege that they engaged in any activity that could make the actions of state officials attributable to them under 42 U.S.C. § 1983. *See id.* at 6-8. Finally, as to the state-law claims, Magistrate Judge Stewart found that the complaint plausibly alleges both claims against all Defendants. *See id.* at 8-9.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that all claims aside from the due process claim against Defendants Boice, Holliday, and Lawrence are sufficiently pled to withstand initial review. Further, Magistrate Judge Stewart correctly determined that the due process claim against Defendants Boice, Holliday, and Lawrence should be dismissed without prejudice because the allegations could, in theory, be cured by better pleading.

Accordingly, the Court hereby

**ORDERS** that the Magistrate Judge Stewart's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiffs' claim under 42 U.S.C. § 1983 against Defendants Boice, Holliday, and Lawrence is **DISMISSED** without prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 4, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge